HOLLAND *v.* MYERS.

Opinion delivered March 17, 1930.

*Cochran & Arnett,* for appellant.
*White & White,* for appellee.

SMITH, J. This is an appeal from a decree dissolving a co-partnership, which had operated under the name of the Paris Transfer Company. The partners were appellant Holland and appellee Myers. Prior to the formation of the partnership, they had been separately engaged as competitors in the transfer business in Paris, Logan County. Appellee had the older and larger business, and, upon the formation of the partnership, they each contributed two trucks, which they owned, and took over another truck owned by appellee, upon which there was a balance of unpaid purchase money, and it was agreed that this balance should be paid out of the earnings of the partnership. Balances due on the other trucks contributed to the firm business were to be paid by the partner owing the debts. In addition, it was agreed that appellant should pay the sum of $50 per month until $1,250 was paid for the privilege of entering an established business.

After operating for about three months, a disagreement arose, it being claimed by Holland that Meyers had not devoted his entire time to the business as had been agreed; that he bought oil and gas at a profit to himself, and a loss to the partnership, from a filling station, which he had sold on a credit; that he operated a transfer business at Charleston in competition with that of the partnership, and had used the partnership trucks in his private business; that he had used partnership funds for his private purposes, and refused to discharge employees who were discourteous to appellant and refused to obey instructions which he gave.

There was a general denial of these allegations, and appellee acquitted himself of any improper use of the partnership funds, but the prayer of the answer was that the partnership be dissolved and an accounting ordered.

As both parties prayed a dissolution, and neither complains of that portion of the decree dissolving the partnership, it will not be necessary to discuss the sufficiency of the testimony to support that order.

The cause was heard by a master, who took testimony and made a report of his findings, and the cause was tried upon exceptions to this report. A sale of the partnership assets was had under the order of the court, and this appeal involves the distribution of the proceeds of the sale.

Only two errors are assigned for the reversal of the decree. One is that the court erred in refusing to allow appellant to withdraw the trucks, or the value thereof, which he had contributed to the partnership, and to allow appellee the same privilege.

Appellant cites cases to the effect that, where, on an accounting, it appears that the two owners of a partnership business were to advance capital and share the profits equally, the amount advanced by one partner in excess of another should first be given him out of the assets, and the balance then divided equally between them.

In the application of this principle appellant points out that the testimony shows that the net value of the trucks contributed by him exceeded by $752 the net value of those contributed by appellee, and that upon the sale of the assets his trucks sold for $656 more than the trucks contributed by appellee sold for, and that he should have credit for one item or the other.

The court found, however, that this difference in value was not taken into account when the partnership was formed, and that each contributed his truck without regard to their value, and we think that finding was not contrary to the preponderance of the evidence. There was therefore no error in refusing to take into account the difference in value of these trucks in distributing the proceeds of the sale of the assets.

Appellant also insists that the court erred in holding that the $1,250 was a part of the consideration agreed to be paid upon the formation of the partnership without regard to the length of time it continued in existence; and we think he is correct in this contention.

Upon this question the master found as follows: "The plaintiff is also to be charged at the rate of $50 per month from the inception of the partnership until the partnership ceases its business, but credit is to be given the plaintiff for the $150 already paid. The defendant is to be credited with the amount charged to the plaintiff on this account. The defendant is not allowed the full $1,100 balance claimed by him on this account, as in the master's opinion this part of the partnership contract is executory and depends upon the continuance in the partnership of the plaintiff."

We concur in the finding of the master on this question. The testimony is conflicting, but we think the master's finding is more consonant with the spirit of the agreement. While the partnership was not formed for any definite period of time, it was clearly contemplated that it should continue long enough for $1,250 to be paid at the rate of $50 per month. No one contends that it was to be paid otherwise than at the rate of $50 per month. Grounds for the dissolution of the partnership arose before the payments were completed, and the partnership has been dissolved by order of the court. It appears inequitable, therefore, to compel appellant to continue payments the consideration for which has failed.

The master, in stating the account, charged appellant with the monthly payment of $50 until the partnership ceased to operate as such, which we understand amounted to $150, but allowed a credit against that amount of $150, which was the agreed value of a cash register which appellant had sold the partnership. One item extinguished the other. The question, therefore, is whether the balance of $1,100 should also be charged to appellant in stating the account. As we think it should not, the decree must be modified in this respect, and, as thus modified, it will be affirmed.